**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of:<br><br>Bullhead & Laughlin Jet Skis, LLC, for Exoneration from or Limitation of Liability. | No. CV-22-08221-PCT-JJT<br><br>**ORDER** |
| Bullhead & Laughlin Jet Skis LLC,<br><br>    Petitioner,<br><br>v.<br><br>Michael Bohannon, *et al*,<br><br>    Claimants. | |

The Court herein determines jurisdiction over the various claims brought in this limitation action.

**I.    BACKGROUND**

In 2022, Claimants Michael Bohannon, Stephanie Dobner, and their minor children I.B. and A.B. (collectively, "the Bohannons") filed a lawsuit in Arizona state court alleging that they suffered injuries in an accident on the bank of the Colorado River near Bullhead City in Mohave County. (Doc. 6-2.) They alleged that Jason McDaniel was operating a personal watercraft ("the Vessel") owned by Petitioner Bullhead & Laughlin Jet Skis LLC ("B&L") when he lost control and jumped off, causing it to run unmanned toward the shore until it collided with and injured the Bohannons. The Bohannons brought tort claims

against McDaniel, Mohave County, Bullhead City, B&L, and B&L's employee or manager Edward Washington. The Bohannons also brought vicarious liability claims against Golden Entertainment (NV), Inc. ("Golden"), Edgewater Gaming, LLC ("Edgewater"), and Regency Gaming, LLC ("Regency")—three companies that allegedly "employe[d]" B&L. (Doc. 6-2 at 6.)

B&L then initiated this action under the Limitation of Liability Act ("the Act"), 46 U.S.C. § 30501, *et seq*. (Doc. 6.) In compliance with the procedures set forth in Supplemental Admiralty and Maritime Claims Rule F ("Rule F"), the Court issued a Notice to Claimants requiring "anyone claiming loss . . . caused by [the Vessel]" to file a claim in this Court. (Docs. 6-7, 9.) The Bohannons brought tort claims against B&L, Washington, Mohave County, and Bullhead City; Mohave County and Bullhead City each brought indemnity and contribution claims against B&L and Washington. (Doc. 27, "Bohannon Claim," Docs. 14, 16.)

The Bohannons also brought claims against third parties, including McDaniel, Travelle Dupree, and Kellea Smith (who all allegedly "chartered" the Vessel); Golden, Edgewater, and Regency (who all allegedly "employe[d]" B&L); and Prime Insurance Company ("Prime") (who allegedly issued an insurance policy to B&L). (Bohannon Claim.) The Court questioned whether it would have jurisdiction over the third-party claims and, after a hearing, ordered that any party may file a brief relating to the ambit of the Court's jurisdiction in limitation actions brought under the Act. (Doc. 38.) Only Prime and the Bohannons filed supplemental briefs, and both briefs focus almost exclusively on whether the Court has jurisdiction over the claim against Prime. (Doc. 39; Doc. 40, "Bohannon Br.")

## II.   LEGAL STANDARD

Unlike state courts, federal courts have jurisdiction over only a limited number of cases, including civil cases of admiralty jurisdiction. *See* 28 U.S.C. § 1333. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365,

374 (1978). Thus, a federal court is "obligated to consider *sua sponte* whether [it has] subject matter jurisdiction" in each case and to dismiss a case when subject matter jurisdiction is lacking. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (internal quotations omitted); *see also* Fed. R. Civ. P. 12(h)(3).

## III. ANALYSIS

The Act allows the owner of a vessel to limit its liability to the value of the vessel and its pending freight for any claim subject to limitation. 46 U.S.C. § 30523(a). Claims subject to limitation "are those arising from . . . any loss, damage, or injury by collision, . . . incurred[] without the privity or knowledge of the owner." *Id.* § 30523(b).

When an owner initiates a limitation action, "[t]he district court secures the value of the vessel or owner's interest, marshals claims, and enjoins the prosecution of other actions with respect to the claims." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001); *see also* Fed. R. Civ. P. Supp. F. The court then adjudicates the claims without a jury,[1] determining whether the vessel owner is liable and whether liability may be limited. *Lewis*, 531 U.S. at 448. The Act seeks to have all claims against a vessel owner decided together under a single set of rules to avoid inconsistent results and repetitive litigation. *In re Paradise Holdings, Inc.*, 795 F.2d 756, 761 (9th Cir. 1986) (citing *Md. Cas. Co. v. Cushing*, 347 U.S. 409, 414–16 (1954)).

Because limitation actions deprive claimants of the right to a jury trial, claimants often attempt to pursue their claims in state court. *See, e.g.*, *Lewis*, 531 U.S. at 448–51; *Paradise Holdings*, 795 F.2d at 761–62; *In re Ill. Marine Towing, Inc.*, 498 F.3d 645, 649–52 (7th Cir. 2007). As a result, most of the legal issues arising out of such attempts have been well-litigated. *See Lewis*, 531 U.S. at 448–51 (citing *Langnes v. Green*, 282 U.S. 531 (1931); *Lake Tankers Corp. v. Henn*, 354 U.S. 147 (1957)) (explaining when and how a court may permit a claimant to proceed in state court).

This limitation action, however, features the extraordinarily rare circumstance in which claimants wish to hale third-party tortfeasors into federal court. The rarity of this

---

[1] The right to a jury trial is not provided in admiralty law and is not an option under Rule F. *See In re Ill. Marine Towing, Inc.*, 498 F.3d 645, 650 (7th Cir. 2007).

- 3 -

situation has left the caselaw sparse, and federal courts have not yet directly addressed the scope of their authority under these circumstances. Still, the Second Circuit has explained that "[t]he jurisdiction for limitation proceedings is that there is a fund to be distributed among several claimants, or, if there is but one claimant, that he disputes the right to limit or the amount." *W.E. Hedger Transp. Corp. v. Gallota*, 145 F.2d 870, 872 (2d Cir. 1944). Furthermore, "[t]he jurisdiction of the admiralty court to adjudicate the merits of the claims is derivate from, and ancillary to, these considerations; it does not extend to a claim which is not subject to limitation." *Id.*

Pursuant to these principals, the scope of the Court's jurisdiction over this action turns on the nature of each claim. Before the Court are ten claims against eleven different parties, but they can be divided into three categories: 1) the Bohannons' claims against B&L and Washington, 2) Mohave County's and Bullhead City's claims against B&L and Washington, and 3) the Bohannons' claims against all other parties. The Court will address each category in turn.

**A.     The Bohannons' Claims Against B&L and Washington**

The Bohannons assert claims of negligence,[2] negligence *per se*, and negligent infliction of emotional distress against B&L and Washington.[3] (Bohannon Claim at 10, 12, 18.) These tort claims are at the heart of B&L's limitation action because they are the claims for which B&L seeks to have its liability limited. If the Bohannons can show that B&L's negligence caused their injuries, B&L will not be entitled to limitation. *See* 46 U.S.C. § 30523 (defining claims subject to limitation as those arising from harm occurring "without the privity and knowledge of the owner"); *Otal Invs. Ltd. v. M/V Clary*, 673 F.3d 108, 115 (2d Cir. 2012) (explaining that "privity or knowledge" implies a "neglected duty

---

[2]     The Bohannons label this claim for relief against each party as "Negligence, Intentional Wrongdoing, Recklessness and Conscious Disregard for the Safety of Others." For the purposes of this Order, the Court will refer to this claim simply as "negligence," although "Intentional Wrongdoing" and "Recklessness and Conscious Disregard for the Safety of Others" would seem to require different standards.

[3]     The Court makes no finding as to whether Washington is a vessel "owner" within the meaning of the Act, but it will treat him as such for jurisdictional purposes because B&L includes Washington in its petition for exoneration or limitation (Doc. 6), and only a vessel owner is entitled to such relief. 46 U.S.C. § 30523.

on the shipowner's part"). Accordingly, these claims are squarely within the Court's authority in a limitation action. *See W.E. Hedger*, 145 F.2d at 872; *see also Lewis*, 531 U.S. at 448 (describing that in a limitation proceeding, the court adjudicates the claims to determine whether the vessel owner is liable and whether the owner may limit liability). The Court has jurisdiction over these claims.

**B.      Mohave County's and Bullhead City's Claims Against B&L and Washington**

Mohave County and Bullhead City each brought claims seeking indemnity and contribution from B&L and Washington. (Docs. 14, 16.) Circuits that have examined these types of claims have indicated that they are proper in a limitation action because they are necessary to preserve the vessel owner's rights under the Act. For example, the Eighth Circuit has held that an indemnity claim is derivative of the primary claimant's claim, such that together the claims "constitute a single claim for purposes of the limitation proceeding." *Univ. Towing Co. v. Barrale*, 595 F.2d 414, 419 (8th Cir. 1979). The Fifth Circuit has also ruled that "parties seeking contribution and indemnity are 'claimants' within the meaning of the Limitation Act," and claims "for indemnity and contribution are liabilities that must be addressed in order to protect the shipowner's rights under the Limitation Act." *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 675 (5th Cir. 1996). The district court must adjudicate indemnification and contribution claims because if they are "preserved and matured, [they] could cause a multiple claimant-inadequate fund situation to arise."[4] *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 4 F.3d 401, 405 (5th Cir. 1993); see also *Gorman v. Cerasia*, 2 F.3d 519, 525 (3d Cir. 1993) (explaining how claims for indemnity and contribution can frustrate a vessel owner's right to limitation). Because these claims affect how the "fund [would] be distributed among several claimants," the Court has the authority to adjudicate Mohave County's and Bullhead City's claims against B&L and Washington. *See W.E. Hedger*, 145 F.2d at 872.

---

[4] A "multiple claimant-inadequate fund" situation refers to when multiple claimants assert claims to the fund, or the amount of the claims is more than the amount of the fund. In these situations, absent stipulations, the claims should be litigated together in the limitation action to accommodate the goals of the Act. *See Langnes*, 282 U.S. 531; *Lake Tankers*, 354 U.S. 147.

### C.      The Bohannons' Claims Against All Other Parties

#### 1.      The Tort Claims

The Bohannons assert claims of negligence against McDaniel, Dupree, Smith, Golden, Edgewater, Regency, Mohave County, and Bullhead City; negligence *per se* against Golden, Edgewater, Regency, Mohave County, and Bullhead City; and negligent infliction of emotional distress against all parties. (Bohannon Claim at 7–18.)

As mentioned, "[t]he jurisdiction of the admiralty court . . . does not extend to a claim which is not subject to limitation." *W.E. Hedger*, 145 F.2d at 872. The Bohannons' tort claims against these parties are not subject to limitation because they are not against the party entitled to limitation—the vessel owner. *See* 46 U.S.C. § 30523; *see also* Fed. R. Civ. P. Supp. F(3) (contemplating "claims . . . against the owner or the owner's property").

Still, in certain circumstances, courts have adjudicated claims against parties that are not vessel owners. For example, in *British Transport Commission v. United States*, a claimant sought to bring claims against other claimants. 354 U.S. 129, 130–32 (1957). The Supreme Court held that the district court had the power to adjudicate cross-claims in limitation proceedings, approving of the appellate court's reasoning that "parties who submit themselves to the jurisdiction of a court in a legal proceeding should be bound by that court's decision on all questions, appropriate to and seasonably raised in, that proceeding." *Id.* at 133. The Court ultimately held it was "a necessary concomitant of jurisdiction in a factual situation such as this one that the Court have power to adjudicate all of the demands made and arising out of the same disaster." *Id.* at 138. The same reasoning applies to the Bohannons' claims against co-claimants Mohave County and Bullhead City, and thus the Court has the authority to adjudicate those claims.

However, the facts are not analogous, and the reasoning does not apply, to the Bohannons' tort claims against third parties. Unlike the claimants in *British Transport Commission*, and unlike Mohave County and Bullhead City, the third parties here did not "submit themselves to the jurisdiction of [the] court." *See id.* at 133. Absent this limitation action brought on by B&L, the parties would have been litigating these state-law claims in

Arizona state court. Because these third-party tort claims are not claims subject to limitation, and the third parties did not submit themselves to the jurisdiction of this Court, the Court does not have the authority to adjudicate these claims within the jurisdiction of a limitation proceeding. The Court will therefore dismiss without prejudice the negligence claims against McDaniel, Dupree, Smith, Golden, Edgewater, and Regency; the negligence *per se* claims against Golden, Edgewater, and Regency; and the negligent infliction of emotional distress claims against McDaniel, Dupree, Smith, Golden, Edgewater, and Regency. (Bohannon Claim at 7–18.)

Although the Court lacks jurisdiction to adjudicate the *claims* against these parties, it does not follow that, in the limitation action, it may not consider the *facts* giving rise to those claims. To the contrary, the Court's first step in analyzing the merits of the Bohannons' claims against B&L will be to "determine what acts of negligence or conditions of unseaworthiness caused the accident." *In re Hechinger*, 890 F.2d 202, 207 (9th Cir. 1989). The Court will then determine whether B&L had knowledge or privity of those same negligent acts. *See Otal*, 673 F.3d at 115. Because the Bohannons allege that the third parties committed the negligent acts that caused the accident, the Court must consider those factual assertions when adjudicating the claims against B&L.

This leaves the Court, and the entire litigation, in an impractical position: During the limitation action, the Bohannons will argue that the third parties were negligent, but even if the Bohannons prove that negligence, they cannot recover from the third parties unless they relitigate the same issues in state court. To avoid duplicative litigation, the Court will exercise its discretion to stay this limitation action and allow the Bohannons to pursue their claims in state court. *See Lewis*, 531 U.S. at 454 (explaining that courts "have discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claims in state court"); *see also Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) (describing the courts' inherent powers "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," which includes the power to stay a case

if it serves the interest of judicial economy and does not substantially prejudice a party (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962))).

When a court stays a limitation action, it must ensure that the vessel owner's right to seek limitation will be protected before it may dissolve the injunction of other proceedings against the owner. *Lewis*, 531 U.S. at 454. Courts have done this by requiring claimants to agree to certain stipulations before pursuing their claims in state court. *See, e.g.*, *id.*; *Ill. Marine*, 498 F.3d at 651–53. In this situation, however, the Court need not dissolve the injunction or require stipulations because the claims improperly before the Court are not against the owner. As contemplated by Rule F(3), the Court ordered the injunction of "all claims and proceedings with respect to this matter . . . as against Petitioner [B&L] and its agents" only. (Doc. 9.)

Accordingly, if the Bohannons wish to pursue their state-law tort claims against third parties, they may do so in state court.[5] This will allow the parties to create a record of the evidence relating to the third-party negligence claims in the proper forum, and the Bohannons may later use that record in this limitation action against B&L. Meanwhile, B&L's right to seek limitation or exoneration in this Court will be preserved.

### 2. The Declaratory Relief Claim

The Bohannons also assert a claim for declaratory relief against Prime. (Bohannon Claim at 19, 21.) Prime allegedly provided an insurance policy to B&L but denied coverage after the accident. (Bohannon Claim at 19.) To enforce that denial, Prime filed an action for declaratory relief in Utah state court. The Bohannons now ask this Court either to declare that Prime wrongfully denied coverage under the policy or to stay the Utah state action and require Prime to bring its claim in this action. (Bohannon Claim at 19, 21.)

First, the Bohannons have no standing to seek declaratory relief as to Prime's coverage denial. Standing is a prerequisite under the Declaratory Judgment Act, 28 U.S.C.

---

[5] The Bohannons have informed the Court that their state claims were dismissed without prejudice upon the filing of the limitation action in this Court and, as of the time of briefing, the dismissal is subject to an appeal. (Bohannon Br. at 3–4.) Regardless of the status of the appeal, because the claims were dismissed without prejudice, the Bohannons may refile their claims against the third parties in state court if they wish to pursue them.

- 8 -

§ 2201, which "is operative only in respect to controversies . . . in the constitutional sense." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937). "As an aspect of justiciability, the standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (quoting *Baker v. Carr*, 369 U.S. 189, 204 (1962)). To satisfy Article III's standing requirements, a plaintiff must show that she suffered a "concrete and particularized" injury that is "fairly traceable to the challenged action of the defendant," and that a favorable decision would likely redress the injury. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). In the complaint, the plaintiff must "alleg[e] specific facts sufficient" to establish standing. *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 821 (9th Cir. 2002).

Most states are not direct-action states, meaning that claimants who are not parties to an insurance contract have no state cause of action against a tortfeasor's insurer unless the claimant first obtains a judgment against the insured. *See, e.g.*, *Nationwide Mut. Ins. Co. v. Ariz. Health Care Cost Containment Sys.*, 803 P.2d 925, 928 (Ariz. Ct. App. 1990). The Bohannons have not alleged that they are a party to the insurance contract or that they have obtained a judgment against B&L, nor have they identified any direct-action state law that would apply to them. Therefore, the Bohannons lack standing to seek declaratory relief, and the Court will dismiss the claim.

The Bohannons alternatively request that the Court stay the Utah proceeding and require Prime to bring its claim in this Court. The Court need not address the Bohannons' request at this time because the limitation action will be stayed.

**IT IS THEREFORE ORDERED** dismissing without prejudice the Bohannons' first claim as to McDaniel, Dupree, and Smith (Doc. 27 at 7); the Bohannons' third claim as to Golden, Edgewater, and Regency (Doc. 27 at 12); the Bohannons' fourth claim as to Golden, Edgewater, and Regency (Doc. 27 at 13); the Bohannons' seventh claim as to McDaniel, Dupree, Smith, Golden, Edgewater, and Regency (Doc. 27 at 18); and the Bohannons' eighth claim as to Prime (Doc. 27 at 19).

1 **IT IS FURTHER ORDERED** staying these proceedings pending the conclusion of any relevant state court action involving parties and third parties in this matter.

**IT IS FURTHER ORDERED** that the remaining parties shall jointly file a status report upon entry of a relevant state court judgment, or upon any other relevant disposition of claims related to this matter, or by **October 4, 2024**, whichever is soonest.

**IT IS FURTHER ORDERED** directing the Clerk of Court to administratively close this matter pending status report and further Order of the Court.

Dated this 31st day of October, 2023.

_____
Honorable John J. Tuchi
United States District Judge